# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PHILLIP TIMOTHY HOWARD,**

    Plaintiff,

vs.                                  Case No. 4:22cv97-AW-MAF

**SUPREME COURT OF FLORIDA,**
et al.,

    Defendants.

_____/

# O R D E R

Plaintiff is an attorney licensed to practice law in the State of Florida. He has filed a complaint, ECF No. 1, asserting claims under § 1983, a civil conspiracy, RICO violations, and state law claims for due process, theft, civil conspiracy, and state law RIVO violations against eight Defendants. *Id.* Although Plaintiff identifies himself as an attorney, his complaint does not comply with Federal Rule of Civil Procedure 8 or the Local Rules of this Court. Thus, it is not sufficient to proceed and Plaintiff will be required to file an amended complaint in compliance with this Order.

First, as Plaintiff should well know, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's complaint spans 77 pages and contains more than 150 numbered paragraphs; that is not a "short and plain statement." In addition, the numerous exhibits which Plaintiff attached to his complaint bring the pleading to 340 total pages.[1] That does not comply with Rule 8 as it is not a short and plain statement.

In addition, the Local Rules of this Court limit a complaint to no more than 25 pages, unless the Court authorizes more. N.D. Fla. Loc. R. 5.7(B). Plaintiff's complaint does not comply with that Rule and, moreover, he did not request authorization to exceed the page limit imposed by Rule 5.7(B).

A complaint should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Lengthy narratives should not be provided. The purpose of a complaint is simply to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S.

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

Case No. 4:22cv97-AW-MAF

544, 555 (2007). Because Plaintiff's complaint does not comply with Rule 8, he will be required to file an amended complaint.

Moreover, Plaintiff's complaint as filed is a "shotgun" pleading. Such pleadings have been widely condemned by the Eleventh Circuit Court of Appeals as violating Rule 8. Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020).

> Shotgun pleadings include complaints that: (1) "contain multiple counts where each count adopts the allegations of all preceding counts"; (2) do not re-allege all the proceeding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against.

Sarhan, 800 F. App'x at 771–72 (quoting Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015)); *see also* McDonough v. City of Homestead, 771 F. App'x 952, 955 (11th Cir. 2019). In this case, Plaintiff's complaint is of the first, second, and fourth varieties. The facts alleged include immaterial facts and lengthy quotations which greatly, and unnecessarily, lengthen the complaint. Furthermore, Plaintiff presents conclusory assertions against the Defendants in 9 separate counts, and he does not clearly specify which count is asserted against

which of the 8 Defendants.  *See* ECF No. 1 at 53-74.  Plaintiff "realleges and incorporates the facts and allegations in paragraphs 1 through 72" in each count presented, *see* ECF No. 1 at 53, 55, 57, 58, 61, 63, 66, 68, and 70, but Plaintiff does not clearly relate which factual allegations support which claims.  This is a shotgun pleading, but Plaintiff must be allowed one opportunity to remedy these deficiencies.  <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1295 (11th Cir. 2018).  Thus, Plaintiff is given one chance to file an amended complaint that complies with the Rules cited above.

As an additional note, Plaintiff stated within his complaint that he is seeking to stay actions of the Florida Supreme Court and he requests this Court issue a temporary injunction.  ECF No. 1 at 3.  Indeed, Plaintiff filed a motion for a preliminary injunction, ECF No. 2, and then an amended motion for a preliminary injunction, ECF No. 3.  Plaintiff contends that a "perjurious" and "fraudulent" complaint was filed against him, citing to case 2019-00,088.  ECF No. 1 at 13.  Judicial notice is taken of two cases - Florida Supreme Court case # 19-488 and case # SC19-1570 - in which an Order was entered on March 24, 2022, that disbarred the Plaintiff, effective in 30 days.  In light thereof, Plaintiff should consider whether this Court has jurisdiction to review his claim(s) against several of the Defendants in light

of the *Rooker-Feldman* doctrine.  Castro v. Lewis, 777 F. App'x 401, 405 (11th Cir. 2019) (noting that "challenges to decisions by state supreme courts disciplining attorneys for misconduct often are precluded by the Rooker-Feldman doctrine").

If there is a basis to proceed with this case, Plaintiff must file an amended complaint which presents a short and plain statement of his claims, in 25 pages or less.  Plaintiff's amended complaint must comply with Rule 8 and Local Rule 5.7.  Plaintiff's deadline to comply is **April 25, 2022**.  In light of this requirement, ruling is deferred on Plaintiff's amended motion for a preliminary injunction, ECF No. 3.  However, because Plaintiff filed the amended motion, ECF No. 3, his initial motion for a temporary restraining order, ECF No. 2, is denied as moot.

Accordingly, it is

**ORDERED:**

1. Ruling is **DEFERRED** on Plaintiff's amended motion for a preliminary injunction, ECF No. 3.

2. Plaintiff's initial motion for a temporary restraining order, ECF No. 2, is **DENIED as moot** in light of the amended motion, ECF No. 3.

3.  Plaintiff has until **April 25, 2022**, in which to file an amended complaint in compliance with Federal Rule of Civil Procedure 8 and Local Rule 5.7(B).

4.  The Clerk of Court shall return this file upon receipt of Plaintiff's amended complaint or no later than April 25, 2022.

**DONE AND ORDERED** on March 28, 2022.

<u>S/   Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**