## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**PHILLIP TIMOTHY HOWARD,**

      **Plaintiff,**

**vs.**                             **Case No. 4:22cv97-AW-MAF**

**J.B. HARRIS, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

After Plaintiff filed a "notice of service of process" on Defendant Kimberly Poling-Butler, ECF No. 56, a notice of limited appearance of counsel was filed by co-Defendant J.B. Harris. ECF No. 58. Thereafter, the Clerk entered Defendant Poling-Butler's default on the docket, ECF No. 60, and two days later, Defendant Kimberly Poling-Butler filed a motion to quash service and vacate the default. ECF No. 61. Defendant has argued that service did not comply with Florida law and she requests that the Court "quash service and vacate the default." *Id.* at 4. An affidavit was submitted with Defendant's motion to quash. ECF No. 61-1.

An Order was entered providing Plaintiff with an opportunity to respond to that motion.  ECF No. 63.  Plaintiff has done so, ECF No. 66, and the motion is ready for a ruling.

## Motion to Quash, ECF No. 61

Defendant Kimberly Poling-Butler argues that Plaintiff "failed to perfect personal service" on her.  ECF No. 61 at 1.  Defendant contends that the process server did not "inform" the John Doe individual of the "'contents' of the documents she was attempting to serve" as required by Florida Statute 48.031(1)(a).  *Id.* at 2.   Defendant also questions the signature or initials of the process server.  *Id.* at 2-3.  An affidavit was submitted by the "John Doe" concerning the service attempt which has also been reviewed.  ECF No. 61-1.  "John Doe" is Dr. George Butler, husband of Defendant Kimberly Poling-Butler.  *Id.*

## Plaintiff's Response, ECF No. 66

Plaintiff's response to the motion points out that Defendant Poling-Butler's husband, Dr. George Butler, verified receiving a copy of the summons and complaint on July 2, 2022.  ECF No. 66 at 1-2.  Plaintiff asserts that service was valid and not disputed.  *Id.* at 3.

**Notice of Service, ECF No. 56**

Plaintiff's notice of service of process on Defendant Poling-Butler was

filed on September 7, 2022.  ECF No. 56.  An affidavit in support of the

notice was attached, showing that the process server, Kelly Hodges,

received a summons and complaint for the Defendant and served the

Defendant through "substitute service."  *Id.* at 3.  The affidavit explains that

Hodges served the Defendant "with summons and complaint" by leaving

those documents with "John Doe", who is believed to be George Andrews

Butler, owner of the vehicle in the driveway, and a "co-resident." *Id.*  The

affidavit further advised that the Defendant was served at her "residence" in

Fort Lauderdale, Florida on July 2, 2022, at 3:48 p.m. via "substitute

service," citing to Florida Statute 48.031(1)a.  *Id.*  Hodges' affidavit

identified the John Doe as a caucasian male, 45 years of age.  *Id.*  The

affidavit was sworn before a notary on July 7, 2022.  *Id.*

Attached to the affidavit was a "proof of service," using the AO 440

form (page 2 of a summons).  ECF No. 56 at 4.  That form has a

checkmark on the box stating: "I left the summons at the individual's

residence or usual place of abode with John Doe . . . "a person of suitable

age and discretion who resides there." *Id.* It again indicates service was carried out on July 2, 2022. *Id.*

**Analysis**

Defendant Poling-Butler is an individual who was required to be served with process pursuant to Rule 4(e). That Rule provides that an individual "may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The options are simple - either serve a defendant pursuant to state law or, in the alternative, three options are provided under federal law. Despite Defendant's arguments about service under state law, and despite the process server's citation to Florida law, an individual is

properly served pursuant to Federal Rule of Civil Procedure 4(e)(2)(B) by leaving a copy of the summons and complaint "with someone of suitable age and discretion who resides" with the individual.

The affidavit submitted by Dr. Butler demonstrates that service was properly carried out on Defendant Poling-Butler.  ECF No. 61-1.  Dr. Butler states that on July 2, 2022, he responded to a knock at the door.  *Id.* at 2. The individual "was holding a stack of documents" and "asked whether Kimberly Poling was home."  *Id.* at 2-3.  Dr. Butler answered "no," and told the process server he did not know where she was.  When the server asked who he was, Dr. Butler said he "shut the door, fearing she was either soliciting or canvassing."  *Id.* at 3.

Dr. Butler (and counsel) make much ado of the server's failure to introduce herself by name, inform Dr. Butler that "she was a licensed process server," or carry a "badge around her neck or on her belt identifying her as a licensed process server."  ECF No. 61-1 at 2. However, Dr. Butler admittedly closed the door in her face.  By doing so, he did not give her the opportunity to "introduce" or identify herself.  At any rate, Rule 4(e)(2)(B) does not include an introduction requirement.

Dr. Butler also attempts to show a failure in service by pointing to the proof of service which "mentions" only that she "left the summons (but not the summons and complaint)."  ECF No. 61-1 at 3.  The proof of service is a form used in federal court.  The box is checked indicating the summons was left at the residence with another person residing there.  The form does not include the phrase "summons and complaint," but it is unnecessary in light of the server's affidavit which shows the "summons and complaint" were given to "John Doe (believed to be a George Andrews Butler."  ECF No. 56 at 3.  Moreover, although Dr. Butler invites scrutiny of the service documents, he does not declare that he did not receive both the summons and complaint.  There is no need to evaluate whether the process server complied with Florida law because Defendant Poling-Butler was properly served with process pursuant to Federal Rule of Civil Procedure 4(e)(2)(B).  The motion to quash, ECF No. 61, should be denied.

Notably, Defendant's motion to quash service also requests that the Clerk's default be vacated.  ECF No. 61 at 4.  Federal Rule of Civil Procedure 55 permits a court to "set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."

Fed. R. Civ. P. 55(c).  While "good cause" is deemed to be a "mutable standard, varying from situation to situation," it has generally been held to require at least three things: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." <u>Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted).  Defendant has not shown good cause to set aside the Clerk's default as required by Rule 55(c).  Service of process was valid and the motion to quash should be denied.  No explanation has been provided to show that Defendant's default was not willful, and no showing has been made as to a meritorious defense.

## **RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to quash service and vacate default, ECF No. 61, be **DENIED** without prejudice and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 20, 2022.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:22cv97-AW-MAF

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**