IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**PHILLIP TIMOTHY HOWARD,**

    **Plaintiff,**

v.                                           Case No. 4:22-cv-97-AW-MAF

**J.B. Harris, et al.,**

    **Defendants.**

_____/

## ORDER VACATING CLERK'S DEFAULT

Phillip Timothy Howard is a disbarred lawyer. He has sued Kimberly Poling-Butler[1] and several others, alleging

> criminal conspiracy, criminal extortion, criminal perjury, criminal fraud, violations of Florida Bar Rules, violations of Florida Accounting Rules and statute, violation of federal and Florida Civil RICO, violation of due process under the Fifth Amendment to the United States Constitution, Article I, § 9, of the Florida Constitution, civil theft, and civil conspiracy.

ECF No. 13 at 2.

After Howard filed proof of service as to Poling-Butler, and after Poling-Butler did not respond to the complaint, the clerk entered a default. ECF No. 60; *see also* ECF Nos. 56, 59. Poling-Butler then moved to quash service and vacate the clerk's default. She contended that the service was not legally sufficient.

---

[1] The First Amended Complaint identifies this defendant as Kimberly Butler Poling, but she reports that it had her married name wrong. ECF Nos. 13, 61. The magistrate judge ordered the clerk to correct the docket. ECF No. 63.

1

The magistrate judge issued a report and recommendation concluding that Poling-Butler did not show service should be quashed or that the clerk's default should be vacated. ECF No. 69. Poling-Butler then filed a single document presenting her "amended motion to vacate default," her "objections to magistrate's specific proposed findings and recommendations," and a "motion to accept [her] attached motion to dismiss as timely filed." ECF No. 75. Howard did not respond to this motion, and his deadline for doing so has passed. *See* N.D. Fla. Loc. R. 7.1.

First, although Poling-Butler still takes issue with the sufficiency of the service, but in a conclusory manner: she offers only that she "objects to the findings that service was proper." ECF No. 75 at 2. The bulk of her filing deals with seeking relief from the default under the Rule 55(c) "good cause" standard.

Because Poling-Butler has not provided any specific objection showing that the magistrate judge wrongly concluded service was sufficient, I will deny the motion to quash service. Nonetheless, I conclude that the default should be set aside.

In the Eleventh Circuit, "defaults are seen with disfavor because of the strong policy of determining cases on their merits," and the decision to set aside the entry of default lies within the district court's discretion. *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). The court may set aside a default "for good cause," Fed. R. Civ. P. 55(c). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of

substance." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (marks and citation omitted). Courts have considered factors like "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id*.

Here, Poling-Butler has met the good-cause standard. First, there is no indication her default was culpable or willful. She had at least a good-faith view that service was improper,[2] she inquired with court staff and counsel, and she was paying close enough attention to the case to immediately seek relief after the clerk's default issued. There is no prejudice to Howard. And Poling-Butler has shown that she has some defenses. Considering all the facts and circumstances, and cognizant of the

---

[2] Poling-Butler argued service was improper under state law because the process server did not announce her visit's purpose before leaving the documents at Poling-Butler's door. ECF No. 69 at 2. The magistrate judge rejected that argument, reasoning "Rule 4(e)(2)(B) does not include an introduction requirement" notwithstanding Florida law. *Id.* at 5. But courts finding similar service satisfies Rule 4 emphasize that any refusal to accept delivery occurred after the recipient was "informed by the process server of the nature of the papers." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1095 & n.8 (4th ed. Apr. 2022 update) (listing cases). Poling-Butler offers only a conclusory objection to the magistrate judge's finding on propriety of service, and I thus do not decide it. *See McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020). I do find, however, that the uncertainty of the service issue confirms Poling-Buter acted in good faith.

3

"strong policy of determining cases on their merits," I exercise my discretion to set aside the clerk's default.

The motion (ECF No. 75) is GRANTED in part. The clerk's default (ECF No. 60) is SET ASIDE. The motion to quash service (ECF No. 61) is DENIED, and service is not quashed. The motion to dismiss (ECF No. 75-1) is ACCEPTED and deemed filed as of the date of this order. Howard must respond to the motion to dismiss within 14 days. The report and recommendation (ECF No. 69) is ACCEPTED to the extent it recommends the motion to quash be denied.

The magistrate judge will conduct further appropriate proceedings.

SO ORDERED on October 25, 2022.

s/ *Allen Winsor*  
United States District Judge

4