# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PHILLIP TIMOTHY HOWARD,**

    **Plaintiff,**

**vs.**                                                 **Case No. 4:22cv97-AW-MAF**

**J.B. HARRIS, et al.,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

Four motions to dismiss, ECF Nos. 36, 39, 50, and 75, Plaintiff's first amended complaint [hereinafter "complaint"], ECF No. 13, are pending. Also pending is a motion for summary judgment, ECF No. 45, filed by Defendant Jonathan Harris. For both clarity and simplicity, each motion and Plaintiff's response thereto, will be addressed in a separate Report and Recommendation. This Second Report and Recommendation concerns only the motion to dismiss filed by Defendants Fulop and Hall. ECF No. 36.

**Preliminary Notes**

First, Plaintiff's complaint identified Sandra Fulup as a Defendant. ECF No. 13 at 3.  The motion to dismiss clarifies that her surname is Fulop, and that name will be used in this Report and Recommendation.

Second, although the complaint listed two Plaintiffs - Dr. Howard and Howard & Associates, ECF No. 13 at 1, the complaint presented three claims only on behalf of Dr. Howard.  ECF No. 13 at 17-24; *see also* ECF No. 19 (Order denying motion to withdraw).

Third, a glance at the docket would suggest that Plaintiff is represented by counsel Richard B. Collins.  Mr. Collins briefly entered an appearance in this case on behalf of Howard & Associates, P.A., ECF No. 15, but withdrew his notice a few days later.  *See* ECF No. 18.   Plaintiff represents himself in this case.  Plaintiff is a former attorney who was disbarred[1] by the Florida Supreme Court on March 24, 2022.  ECF No. 8. The complaint is signed by Plaintiff and all responses are filed by Plaintiff. Plaintiff is, accordingly, pro se.

---

[1] Plaintiff specifically declared in the complaint that he is not seeking to challenge "the final decision of the Florida Supreme Court" and does not seek "relief from a state court judgment based on" the Court's disbarment order.  ECF No. 13 at 2, n.1.

Defendants have pointed out that Plaintiff has been disbarred and should not have provided his Florida Bar number with his signature on the complaint. ECF No. 36 at 2. Point taken, but no action is required.

Fourth, Defendants Fulop and Hall request the Court take judicial notice of the entirety of Plaintiff's Florida Bar disciplinary record, which Defendants asserts is a matter of "public record." ECF No. 36 at 4. Defendants point out that Plaintiff did not contest the Referee's Report and, thus, Defendants assert that Plaintiff has "conceded the validity of the Referee's findings." ECF No. 36 at 2. Plaintiff disagrees with that argument and contends that the Referee's Report is "false and was false when stated by the clerk in its Order." ECF No. 44 at 6.

Rule 201 of the Federal Rules of Evidence specifies that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). To judicially notice such a fact is discretionary by virtue of the word "may." The Court is only required to take "judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). In this

case, Defendants did not supply the Court with the information it requests be noticed. Instead, Defendants provided a citation where the Court could go find the information. ECF No. 36 at 2. Given that deficiency, and the fact that Plaintiff contests that the Referee's report was uncontested, the Court will confine its review to the motion to dismiss, Plaintiff's complaint, and Plaintiff's response.

Notably, Plaintiff submitted numerous attachments to his response. ECF No. 44 at 17-185. Those attachments have not been considered. As Plaintiff should know full well, ruling on a motion to dismiss considers the complaint, the motion, and the response. A "court is ordinarily barred from considering facts not alleged in the complaint or documents attached to a motion to dismiss." Roberts v. Carnival Corp., 824 F. App'x 825, 826 (11th Cir. 2020). The same principle hold true when a plaintiff submits extrinsic documents. Furthermore, although Plaintiff provided nearly 170 pages of attached materials, he cited only generally to attachment I, *see* ECF No. 44 at 6, attachment III, *id.* at 7-8, and to Attachment IV. *Id.* at 13, 15. Even if this were a motion for summary judgment which could properly consider outside exhibits, Plaintiff has not provided the Court with pinpoint citations as required by N.D. Fla. Loc. R. 56.1(F). The Court declines Plaintiff's

invitation to review 170 pages of attachments in search of a potential pearl buried within pages not separately identified or easily located.[2]

The instant motion to dismiss, ECF No. 36, asserts several reasons that the complaint against them should be dismissed - (1) it is a "shotgun pleading," (2) it is barred by the statute of limitations; (3) Defendants are not liable under § 1983; (4) the civil RICO claims are time barred and fail to state a claim. *Id.* at 7-15.[3] Plaintiff has filed his response in opposition to the motion, ECF No. 44. The motion is ready for a ruling.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be

---

[2] The multitude of exhibits which Plaintiff submitted were filed as part of his response - ECF No. 44 - one document consisting of 185 pages. None of the exhibits included within that jumble of paperwork were separately marked, numbered, or identified. The Court will not review a multitude of pages in the hopes of locating a specific attachment, and then attempt to find that portion of the attachment which was generally referenced by Plaintiff. "District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits—not only because the rules of procedure place the burden on the litigants, but also because their time is scarce." Nw. Nat. Ins. Co. v. Baltes, 15 F.3d 660, 662-63 (7th Cir. 1994); *see also* King v. Marcy, No. 2:17-CV-112, 2019 WL 4547071, at *4 (S.D. Ga. Sept. 19, 2019), aff'd, 809 F. App'x 764 (11th Cir. 2020) (stating that "judges need not endeavor to 'fish a gold coin from a bucket of mud'" and citing U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

[3] Defendants present defenses against Plaintiff's Count III (incorrectly titled by Plaintiff as "Count VII"). ECF No. 36 at 15. However, Defendants Fulop and Hall are not named in that Count and the defenses need not be addressed.

granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[4]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965); see also Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir. 2019).  "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and

---

[4] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

Case No. 4:22cv97-AW-MAF

plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

**Allegations of Plaintiff's complaint**, **ECF No. 13**

Plaintiff's allegations are summarized below. Although Plaintiff specified that he was suing Defendants Jeter and Hinson in their individual

capacities, see ECF No. 13 at 2, Plaintiff did not include the capacity in which Defendants Fulop and Hall are sued. Id. at 3. They are not, however, alleged to be "state actors" and, thus, these Defendants are deemed to be sued in their individual capacities as private citizens.[5]

On January 29, 2018, Defendant J.B. Harris allegedly threatened to file a Bar complaint against Plaintiff if Plaintiff did not pay him money. Id. at 3. Plaintiff contends that Defendant was extorting him. Id. at 3-4. On February 27, 2018, J.B. Harris threatened to go to the FBI. Id. at 5. On June 8, 2018, Plaintiff received another communication from J.B. Harris which Plaintiff alleged "document[ed] the enterprise and scheme of J.B. Harris and Shanee Hinson." Id. at 7. The communication indicated the Bar had begun on investigation on Plaintiff and Harris told Plaintiff that his "days as a lawyer [were] numbered." Id. In August 2018, J.B. Harris threatened Plaintiff with physical violence if he did not reactivate insurance immediately. Id. at 8-9.

---

[5] The motion to dismiss explains that Defendant Hall is the surviving spouse of Jason Hall, a former client of the Plaintiff. ECF No. 35 at 3. Defendant Fulop is the mother-in-law of Jason Hall. Id. Both Defendants reside in Tallahassee. ECF No. 13 at 3.

Plaintiff made a conclusory assertion of an "extortion enterprise with Shanee Hinson and J.B. Harris," and claimed they "conspired to draft and submit a perjured and fraudulent Bar Complaint" against Plaintiff and attribute it to Defendant Margaret Peggy Harris. *Id.* at 9. Plaintiff claims the Bar Complaint was "fraudulent," "full of lies," and included known perjury. *Id.* It appears that Peggy Harris was deposed by Shanee Hinson and admitted that she had not read the Bar Complaint which she signed and, after the fact, she admitted the Complaint included statements which she believed were false. *Id.* at 9-11.

J.B. Harris allegedly conspired with Defendant Kimberly Butler Poling as well and wrote her Bar Complaint and rebuttal. ECF No. 13 at 11. Plaintiff vaguely asserts it tracked "the same scheme with Peggy Harris," meaning that it was "written by J.B. Harris, but signed by Kimberly Butler Poling." *Id.* Plaintiff made a conclusory allegation of a "conspiracy" between J.B. Harris, Kimberly Butler Poling and Shanee Hinson. *Id.* at 12.

Plaintiff contends he "informed Shanee L. Hinson, Dana Hall and Sancra [Fulop]" of the extortion from Hall and Fulop on August 3, 2018. ECF No. 13 at 13. Plaintiff contends that in July of 2016, Defendants Hall and Fulop demanded $355,031.00 but "there was no legitimate claim for

loss of funds." *Id.*  Plaintiff claimed Defendants Hall and Fulop were not clients, were not parties to an agreement he had with a "former deceased client," and "the client ceased being a client in the Summer of 2008." ECF No. 13 at 13.  Plaintiff contends Defendants Hall and Fulup had all of "original records and files" and said the "case was closed in 2013." *Id.*  According to Plaintiff, "nothing was owed" and a full accounting had taken place in December 2013.  *Id.*  Plaintiff said Defendants Hall and Fulop "were not involved with nor witnesses to the contract with the former client, which representation ended in 2008, and he passed in 2012."  *Id.*

Plaintiff alleged that "Shanee Hinson and Roy Jeter conspired and colluded with extorters J.B. Harris, Dana Hall and Sandra [Fulop] . . . ." *Id.* at 13-14.  It appears that Defendant Roy Jeter "gave sworn testimony" as an accountant, but Plaintiff asserts the testimony was "in violation of section 455.227, Florida Statutes, as part of its criminal extortion conspiracy, which activities are outside the scope of his employment or expertise as an accountant." ECF No. 13 at 14.

Plaintiff claims "Shanee L. Hinson, attorney, was a co-conspirator in the criminal extortion and known perjury and fraud" involving J.B. Harris, Peggy Harris, Jeter, Hall, Fulop, and Butler Poling.  *Id.*  Plaintiff contends

Case No. 4:22cv97-AW-MAF

Hinson "abused her position" for the purpose of advancing "her career and legal opportunities," and performed "numerous specific," but unidentified, "acts to forward the conspiracy and aided the conspiracy by intentionally and knowingly lying to the Court," and "intentionally turning a blind eye" to the goal of J.B. Harris - to take Plaintiff's "fees on tobacco cases" and his Bar license "no matter what." *Id.* at 14-15. Plaintiff alleged that Hinson "was informed in writing" on three separate occasions that J.B. Harris, Peggy Harris, Hall, Fulop, and Butler Poling were extorting him, but Hinson denied knowing of such facts to the Bar referee. *Id.* at 15-16. In short, Plaintiff contends there was a "joint conspiracy" among all the Defendants and he is entitled to monetary damages. *Id.* at 17.

Count I of the complaint asserts a due process claim, but it is not directed to any specific Defendant. ECF No. 13 at 17-19. Presumably, that count is only asserted against Defendant Hinson who Plaintiff said was acting "outside the scope of [her] official capacity, but under the color of state law . . . ." *Id.* at 18. Count II asserts a "civil conspiracy and RICO" claim against all seven Defendants. *Id.* at 19-21. Plaintiff cites to 18 U.S.C. § 1962(c) and (d) to support his claim. *Id.* at 21. The third and final

Page 12 of 20

claim is incorrectly identified as "Count VII" and asserts a "civil theft" claim against Defendants J.B. Harris and Peggy Harris. *Id.* at 22-24.[6]

## Analysis

### 1. Shotgun Pleading

Defendants assert that Plaintiff's complaint "is a quintessential 'shotgun pleading,' in violation of Rules 8 and 10(b) of the Federal Rules" of Civil Procedure. ECF No. 36 at 7. Plaintiff does not address that argument, although he does state that he "is happy to provide a Verified Amended Complaint that provides distinct facts and claims against distinct parties so that the Defendants can more clearly respond to the complaint, when the various upcoming motions to dismiss are addressed and resolved." ECF No. 44 at 15. Plaintiff has not subsequently requested permission to file an amended complaint but, instead, has demonstrated his intention to stand on the amended complaint, ECF No. 13, as filed.

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015).

---

[6] The Court has reviewed the reply, ECF No. 55, filed by Defendants Hall and Fulup, but finds it unnecessary to address the arguments asserted because they are, by and large, redundant to the arguments made in their motion to dismiss.

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.  The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Weiland, 792 F.3d at 1321-23.  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  792 F.3d at 1323.

The Court agrees that Plaintiff's complaint is a shotgun pleading.  It provides "conclusory, vague, and immaterial facts."  Plaintiff's rambling narrative is long on conclusions and short on facts.  Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950 (stating that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").  For example, Plaintiff asserts a conspiracy existed, but provides no facts to

show that the parties entered into an agreement. Plaintiff contends the Defendants "colluded and conspired with extorters," but he fails to allege facts to support that assertion. Plaintiff's complaint does not include well-pleaded facts to "plausibly suggest an unlawful agreement." 556 U.S. at 680, 129 S. Ct. at 1950. It is, indeed, an impermissible shotgun pleading that fails to state a claim upon which relief can be granted.

### 2. Section 1983 Claim

Defendants point out that Plaintiff purports to assert a due process claim under 42 U.S.C. § 1983 in Count I, although that claim does not clearly specify that it is brought against Defendants Hall and Fulop. ECF No. 36 at 8-9. Defendants note that a civil rights claim uses Florida's four year statute of limitations. *Id.* at 9. The date specific allegation of Plaintiff's complaint is that Defendants demanded $355,031 in July of 2016. *Id.* (citing ECF No. 13 at ¶17). Furthermore, Defendants assert that Plaintiff's § 1983 claim must fail as a matter of law because they were private parties and not state actors. ECF No. 36 at 9-10.

Plaintiff contends that the extortion continued during the Bar's disciplinary proceedings and was not limited to the 2016 event. ECF No. 44 at 9. Plaintiff states in his response that The Florida Bar hearing was

"completed in April of 2021." *Id.* Additionally, the complaint alleged that Defendants Hall and Fulop engaged in the conspiracy on August 3, 2018, when they re-asserted a demand for the payment.

A § 1983 action is governed by the forum state's general personal injury statute of limitations. Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)). In Florida, there is a four year personal injury statute of limitations. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Fla. Stat. § 95.11(3).

It is true that a § 1983 claim based on an event in 2016 would be barred if presented in a lawsuit filed in 2022. Count I of Plaintiff's complaint presented a § 1983 due process claim. However, Plaintiff provided no facts to support a due process claim against Defendants Hall and Fulop. No due process right is involved in a demand for payment from a lawyer from a client's relatives. These Defendants are private parties and did not act under color of state law as required to state a claim under § 1983. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (stating that "a plaintiff must show that he or she was deprived of a federal right by

a person acting under color of state law"). Plaintiff provided no facts to support that element of the § 1983 claim and the motion to dismiss should be granted because the complaint fails to state a claim upon which relief can be granted.

Additionally, to the extent that Plaintiff's due process claim is also based on the Bar disciplinary process, no allegations were presented to show that Plaintiff was not provided "notice and an opportunity to be heard." Fla. Bar v. Fredericks, 731 So.2d 1249, 1254 (Fla. 1999) (cited in The Fla. Bar v. Committe, 916 So. 2d 741, 745 (Fla. 2005)). Furthermore, there are no allegations which indicate Defendants Hall and Fulop interfered with Plaintiff's right to be heard. Plaintiff's § 1983 due process claim, to the degree it should be deemed to have been fairly presented against Defendants Hall and Fulop, should be dismissed on the merits concerning the Bar disciplinary process and as barred by the statute of limitations for the 2016 demand for payment.

## 3. Statute of Limitations - RICO

Defendants contend that for the same reason the due process claims are time barred, "so too are those in Count II for civil conspiracy." ECF No. 36 at 13. Plaintiff argues that "the extortion of Defendants Hall and [Fulop]

continued beyond July 2016 during the disciplinary process.  ECF No. 44 at 9.  Thus, he contends "the statute of limitations has not run."  Id.

"The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period."  Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221 (11th Cir. 2001) (quoted in Ctr. For Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006)).  Plaintiff's RICO claim could be saved under this doctrine because he alleged that Defendants Hall and Fulop re-asserted their demand for an unlawful payment on August 3, 2018, when they allegedly became involved in the RICO conspiracy.  However, on its own, the claim also survives.

"Civil RICO claims are subject to a four-year statute of limitations." Frantz v. Walled, 513 F. App'x 815, 821 (11th Cir. 2013) (citing to Agency Holding Corp. v. Malley–Duff & Assocs., Inc., 483 U.S. 143, 156, 107 S. Ct. 2759, 2767, 97 L. Ed. 2d 121 (1987)).  "A civil RICO claim accrues and the four-year limitations period begins to run 'when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be part of a pattern of racketeering.'"  Maiz v. Virani, 253 F.3d 641, 676 (11th Cir. 2001) (citing Rotella v. Wood, 528 U.S. 549, 555,

120 S.Ct. 1075, 1080, 145 L.Ed.2d 1047 (2000) (quoted in Frantz, 513 F. App'x at 821).  Plaintiff alleged that Defendants Hall and Fulop acted in August of 2018 as part of the conspiracy.  That fact must be accepted as true when ruling on a motion to dismiss.  Thus, Plaintiff's RICO claim accrued in 2018, not in 2016.  This case was filed on March 4, 2022.  ECF No. 1.  Plaintiff's RICO claim was brought within four years of the underlying conduct alleged and should not be dismissed on the basis of the statute of limitations.

### 4. RICO claim

Defendants argue that Plaintiff has not satisfied the elements of a RICO claim.  ECF No. 36 at 13-14.  The complaint presents vague assertions, but does not identify an agreement or the commission of a predicate act.  *Id.* at 14.

The RICO statute includes a civil remedies provision, 18 U.S.C. § 1964(c), which permits "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."  18 U.S.C. § 1964(c).  "[T]to state a prima facie civil RICO

claim under 18 U.S.C. § 1964(c), a plaintiff must establish 'three essential elements': first, that the defendant committed a pattern of RICO predicate acts under 18 U.S.C. § 1962; second, that the plaintiff suffered injury to business or property; and, finally, that the defendant's racketeering activity proximately caused the injury." Simpson v. Sanderson Farms, Inc., 744 F.3d 702, 705 (11th Cir. 2014) (citations omitted).

Here, Plaintiff does not clearly assert a violation of § 1962, nor does he allege a "pattern" of predicate acts. Defendants Hall and Fulop allegedly made one demand for a payment which, according to Plaintiff was an unlawful demand because it was not owed. Defendants have not been provided facts which give them clear notice of the predicate acts which allegedly support a RICO claim. Furthermore, there are insufficient allegations of a conspiracy because Plaintiff did not assert facts - rather than legal conclusions - to show that the parties entered into an agreement. All of the allegations of a RICO conspiracies are based on a "string of conclusory premises." Simpson, 744 F.3d ay 708. The RICO claim suffers from the deficient nature of Plaintiff's "shotgun pleading" and Defendants' motion to dismiss should be granted.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 36, filed by Defendants Hall and Fulp be **GRANTED** and Plaintiff's claims against them be **DISMISSED** because the complaint is a shotgun pleading that fails to state a claim upon which relief can be granted. It is also **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 15, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**