**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**PHILLIP TIMOTHY HOWARD,**

     **Plaintiff,**

**vs.**                         **Case No. 4:22cv97-AW-MAF**

**J.B. HARRIS, et al.,**

     **Defendants.**
**_____/**


## THIRD REPORT AND RECOMMENDATION

Four motions to dismiss, ECF Nos. 36, 39, 50, and 75, Plaintiff's first amended complaint [hereinafter "complaint"], ECF No. 13, are pending. Also pending is a motion for summary judgment, ECF No. 45, filed by Defendant Jonathan Harris.  For both clarity and simplicity, each motion and Plaintiff's response thereto, will be addressed in a separate Report and Recommendation.  This Third Report and Recommendation concerns only the motion to dismiss filed by Defendant Margaret Peggy Harris.  ECF No. 39.

**Preliminary Notes**

First, having been advised that the correct spelling of the Defendant identified by Plaintiff's complaint as Sandra Fulup, ECF No. 13 at 3, is actually Fulop, *see* ECF No. 36, that name is used in this Report and Recommendation.

Second, although the complaint lists two Plaintiffs - Dr. Howard and Howard & Associates, ECF No. 13 at 1, the complaint presents three claims only on behalf of Dr. Howard. ECF No. 13 at 17-24; *see also* ECF No. 19 (Order denying motion to withdraw).

Third, a glance at the docket would suggest that Plaintiff is represented by counsel Richard B. Collins. Mr. Collins briefly entered an appearance in this case on behalf of Howard & Associates, P.A., ECF No. 15, but withdrew his notice a few days later. *See* ECF No. 18. Plaintiff represents himself in this case. Plaintiff is a former attorney who was disbarred[1] by the Florida Supreme Court on March 24, 2022. ECF No. 8. The complaint is signed by Plaintiff and all responses are filed by Plaintiff. Plaintiff is, accordingly, pro se.

---

[1] Plaintiff specifically declared in the complaint that he is not seeking to challenge "the final decision of the Florida Supreme Court" and does not seek "relief from a state court judgment based on" the Court's disbarment order. ECF No. 13 at 2, n.1.

Defendant Harris has pointed out that Plaintiff has been disbarred and should not have identified himself as a lawyer.  ECF No. 39 at 3 (citing to ECF No. 13 at 1).  Point taken, but no action is required.

Fourth, Defendant Harris has pointed out that this Court "can take judicial notice" of the Plaintiff's Florida Bar disciplinary record, which Defendant states is a matter of "public record."  ECF No. 39 at 4.  Rule 201 of the Federal Rules of Evidence specifies that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  To judicially notice such a fact is discretionary by virtue of the word "may."  The Court is only required to take "judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).  In this case, Defendant Harris did not supply the Court with the information it requests be noticed.  In light thereof, the Court will confine its review to the motion to dismiss, Plaintiff's complaint, and Plaintiff's response.

Notably, Plaintiff submitted numerous attachments to his response. ECF No. 51 at 31-372.  A "court is ordinarily barred from considering facts

not alleged in the complaint or documents attached to a motion to dismiss."

Roberts v. Carnival Corp., 824 F. App'x 825, 826 (11th Cir. 2020).  The

same principle holds true when a plaintiff submits extrinsic documents.

Here, Plaintiff provided well over 300 pages of attached materials, but he

only generally cites to the attachments.  ECF No. 55.  All attachments are

filed as part of Plaintiff's submission - ECF No. 51 - as one document.

Without pinpoint citations and separately filed exhibits, the Court is unable

to easily verify any asserted facts.  The Court declines Plaintiff's invitation

to review 300+ pages of attachments in search of a potential pearl buried

within pages not separately identified or easily located.[2]

    Similarly, Defendant Harris provided four exhibits with the motion to

dismiss.  ECF No. 39-1 through ECF No. 39-4.  The Court finds no need to

review those exhibits.  The arguments presented within the motion that are

---

[2] The multitude of exhibits which Plaintiff submitted were filed as part of his response - ECF No. 51 - and is one document.  The exhibits were not separately filed as ECF No. 51-1, ECF No. 51-2, and the like.  The Court will not waste time attempting to locate a specific attachment, and then attempt to find that portion of the attachment which was generally referenced by Plaintiff.  "District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits—not only because the rules of procedure place the burden on the litigants, but also because their time is scarce."  Nw. Nat. Ins. Co. v. Baltes, 15 F.3d 660, 662-63 (7th Cir. 1994); see also King v. Marcy, No. 2:17-CV-112, 2019 WL 4547071, at *4 (S.D. Ga. Sept. 19, 2019), aff'd, 809 F. App'x 764 (11th Cir. 2020) (stating that "judges need not endeavor to 'fish a gold coin from a bucket of mud'" and citing U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

addressed in this Report and Recommendation are not based on the exhibits cited.

Defendant Margaret Peggy Harris' motion to dismiss, ECF No. 39, asserts several reasons that the complaint should be dismissed - (1) it is a "shotgun pleading," (2) it is barred by the doctrine of absolute immunity; (3) Defendant is not liable under § 1983; (4) the civil RICO claim fails to state a claim; (5) the state law civil theft claim fails to state a claim. ECF No. 39 at 5-16.[3] Plaintiff has filed his response in opposition to the motion. ECF No. 51. The motion is ready for a ruling.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

---

[3] Defendant presents a defense against Plaintiff's Count III (incorrectly titled by Plaintiff as "Count VII"). ECF No. 39 at 14-16.

662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S. Ct. 1955).[4]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 556, 127 S. Ct. at 1965); *see also* <u>Wilborn v. Jones</u>, 761 F. App'x 908, 910 (11th Cir. 2019).  "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Iqbal</u>, 556 U.S. at 677 (quoting <u>Twombly</u>, 550 U.S. at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility."  <u>Iqbal</u>, 129 556 U.S. at 677 (quoting <u>Twombly</u>, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  <u>Swierkiewicz v. Sorema</u>, 534

---

[4] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  <u>Twombly</u>, 127 S. Ct. at 1965, (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

**Allegations of Plaintiff's complaint**, **ECF No. 13**

Plaintiff's allegations are summarized below.  Although Plaintiff specified that he was suing Defendants Jeter and Hinson in their individual capacities, *see* ECF No. 13 at 2, Plaintiff did not include the capacity in which Defendant Margaret Peggy Harris was sued.  *Id.* at 2-3.  This Defendant is not, however, alleged to be a "state actor" and, thus, Defendant Harris is deemed to be sued in her individual capacity as a private citizen.

Case No. 4:22cv97-AW-MAF

On January 29, 2018, Defendant J.B. Harris allegedly threatened to file a Bar complaint against Plaintiff if Plaintiff did not pay him money. *Id.* at 3. Plaintiff contends that Defendant was extorting him. *Id.* at 3-4. On February 27, 2018, J.B. Harris threatened to go to the FBI. *Id.* at 5. On June 8, 2018, Plaintiff received another communication from J.B. Harris which Plaintiff alleged "document[ed] the enterprise and scheme of J.B. Harris and Shanee Hinson." *Id.* at 7. The communication indicated the Bar had begun on investigation on Plaintiff and Harris told Plaintiff that his "days as a lawyer [were] numbered." *Id.* In August 2018, J.B. Harris threatened Plaintiff with physical violence if he did not reactivate insurance immediately. *Id.* at 8-9.

Plaintiff made a conclusory assertion of an "extortion enterprise with Shanee Hinson and J.B. Harris," and claimed they "conspired to draft and submit a perjured and fraudulent Bar Complaint" against Plaintiff and attribute[5] it to Defendant Margaret Peggy Harris. *Id.* at 9. Plaintiff claims the Bar Complaint was "fraudulent," "full of lies," and included known perjury. *Id.* It appears that Peggy Harris was deposed by Shanee Hinson

---

[5] The allegations make clear that Defendant Margaret Peggy Harris did not draft the complaint herself. Furthermore, it is noted that Margaret Peggy Harris is not related to Defendant J.B. Harris. *See* ECF No. 39 at 2.

and admitted that she had not read the Bar Complaint which she signed and, after the fact, she admitted the Complaint included statements which she believed were false.  *Id.* at 9-11.  The Complaint was filed in April of 2019.  *Id.* at 11.

J.B. Harris allegedly conspired with Defendant Kimberly Butler Poling as well and wrote her Bar Complaint and rebuttal.  ECF No. 13 at 11. Plaintiff vaguely asserts it tracked "the same scheme with Peggy Harris," meaning that it was "written by J.B. Harris, but signed by Kimberly Butler Poling."  *Id.*  Plaintiff made a conclusory allegation of a "conspiracy" between J.B. Harris, Kimberly Butler Poling and Shanee Hinson.  *Id.* at 12.

Plaintiff contends he "informed Shanee L. Hinson, Dana Hall and Sancra [Fulop]" of the extortion from Hall and Fulop on August 3, 2018. ECF No. 13 at 13.  Plaintiff contends that in July of 2016, Defendants Hall and Fulop demanded $355,031.00 but "there was no legitimate claim for loss of funds."  *Id.*  Plaintiff claimed Defendants Hall and Fulop were not clients, were not parties to an agreement he had with a "former deceased client," and "the client ceased being a client in the Summer of 2008."  ECF No. 13 at 13.

Plaintiff alleged that Shanee Hinson and Roy Jeter, employees of The Florida Bar, "conspired and colluded" with extorters J.B. Harris, Dana Hall and Sandra [Fulop] . . . ." *Id.* at 13-14.  He contends that Shanee Hinson, attorney, "was a co-conspirator in the criminal extortion and known perjury and fraud of J.B. Harris, Peggy Harris, Roy Jeter, Dana Hall, Sandra [Fulop], and Kimberly Butler Poling." *Id.* at 14.  Plaintiff further claims Hinson "abused her position" for the purpose of advancing "her career and legal opportunities," and performed "numerous specific" (but unidentified) "acts to forward the conspiracy and aided the conspiracy by intentionally and knowingly lying to the Court," and "intentionally turning a blind eye" to the goal of J.B. Harris - to take Plaintiff's "fees on tobacco cases" and his Bar license "no matter what." *Id.* at 14-15.  Plaintiff alleged that Hinson "was informed in writing" on three separate occasions that J.B. Harris, Peggy Harris, Hall, Fulop, and Butler Poling were extorting him, but Hinson denied knowing of such facts to the Bar referee. *Id.* at 15-16.  In short, Plaintiff contends there was a "joint conspiracy" among all the Defendants and he is entitled to monetary damages. *Id.* at 17.

Count I of the complaint asserts a due process claim, but it is not directed to any specific Defendant.  ECF No. 13 at 17-19.  Count II asserts

a "civil conspiracy and RICO" claim against all seven Defendants, *id.* at 19-

21, and cites to 18 U.S.C. § 1962(c) and (d) to support that claim.  *Id.* at 21.

The third and final claim is incorrectly identified as "Count VII" and asserts

a "civil theft" claim against Defendants J.B. Harris and Peggy Harris.  *Id.* at

22-24.

## Analysis

### 1.  Rule 8 - Shotgun Pleading

Defendant Harris asserts that Plaintiff's complaint "woefully fails to

meet the minimal federal pleading requirements" under Rule 8 of the

Federal Rules of Civil Procedure.  ECF No. 39 at 5.  Defendant contends

Plaintiff submitted a "classic 'shotgun pleading'" in violation of Rule 8(a)(2)

and Rule 10(b) and she seeks dismissal with prejudice.  *Id.*  Plaintiff does

not address that argument.  His response suggests only that his many

quotations in the complaint "from transcripts, emails and court filings" are

sufficient to document the conspiracy.  ECF No. 51 at 29.

The Eleventh Circuit has "identified four rough types or categories of

shotgun pleadings."  <u>Weiland v. Palm Beach Cty. Sheriff's Off.</u>, 792 F.3d

1313, 1321 (11th Cir. 2015).

> The most common type—by a long shot—is a complaint
> containing multiple counts where each count adopts the
> allegations of all preceding counts, causing each successive
> count to carry all that came before and the last count to be a
> combination of the entire complaint.  The next most common
> type, at least as far as our published opinions on the subject
> reflect, is a complaint that does not commit the mortal sin of
> re-alleging all preceding counts but is guilty of the venial sin of
> being replete with conclusory, vague, and immaterial facts not
> obviously connected to any particular cause of action. The third
> type of shotgun pleading is one that commits the sin of not
> separating into a different count each cause of action or claim
> for relief. Fourth, and finally, there is the relatively rare sin of
> asserting multiple claims against multiple defendants without
> specifying which of the defendants are responsible for which
> acts or omissions, or which of the defendants the claim is
> brought against.

Weiland, 792 F.3d at 1321-23.  "The unifying characteristic of all types of

shotgun pleadings is that they fail to one degree or another, and in one way

or another, to give the defendants adequate notice of the claims against

them and the grounds upon which each claim rests."  792 F.3d at 1323.

The Court agrees that Plaintiff's complaint is a shotgun pleading.  It

provides "conclusory, vague, and immaterial facts."  Plaintiff's rambling

narrative is long on conclusions and short on facts.  Iqbal, 556 U.S. at 679,

129 S. Ct. at 1950 (stating that "[w]hile legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations").

For example, Plaintiff asserts a conspiracy existed, but provides no facts to

show how or when the parties entered into an agreement. Plaintiff

contends the Defendants "colluded and conspired with extorters," but he

fails to allege facts to support that assertion. Plaintiff's complaint does not

include well-pleaded facts to "plausibly suggest an unlawful agreement."

556 U.S. at 680, 129 S. Ct. at 1950. Providing random quotes does not

make the complaint not-conclusory because the quotations do not

demonstrate that Defendants had a meeting of the minds to engage in an

unlawful conspiracy. The complaint is an impermissible shotgun pleading

that fails to state a claim upon which relief can be granted. Defendant's

motion to dismiss should be granted on this basis.

## 2. Absolute Immunity

Defendant Harris argues that "[i]t is axiomatic that a Florida Bar

complainant cannot be sued by the attorney against whom the Bar

complaint is filed under the absolute privilege doctrine." ECF No. 39 at 7.

Defendant cites to Tobkin v. Jarboe, 710 So. 2d 975 (Fla. 1998), for the

proposition that an individual who files a complaint against an attorney with

The Florida Bar is granted immunity when later sued by the attorney.

The Tobkin case arose from a dissatisfactory attorney-client

relationship between Donald Tobkin and the Jarboe family. Tobkin, 710

So. 2d at 976.  Members of the Jarboe family complained to The Florida

Bar about Tobkin's professional conduct.  *Id.*  "The Jarboes' complaints

regarding Tobkin were confined to their letters to the Bar; thus no public

announcement of the complaints was made outside of the grievance

process by the Jarboes."  *Id.*  After The Florida Bar Grievance Committee

found there was not probable cause to support the complaint, "Tobkin filed

a civil action against the Jarboes alleging libel stemming from the Jarboes'

complaint letters to the Bar."  *Id.*  The Florida Supreme Court held "that Bar

complainants are protected by an absolute privilege in so far as the

complainant makes no public announcement of the complaint outside of

the grievance process, thus allowing the grievance procedure to run its

natural course."  710 So. 2d at 976.  The Court reasoned that Bar

complainants should "be encouraged to step forward with legitimate

complaints, which will further the important public policy of disciplining

attorney misconduct."  *Id.* at 977.  Further, the immunity provided was

considered to be a deterrent against attorneys who might intimidate

complainants and prevent the chilling effect a subsequent lawsuit would

have on a complainant.  *Id.*

This case presents a slightly different issue.  The precise holding in
Tobkin was "that an individual who files a complaint against an attorney
and makes no public announcement of the complaint, thereby allowing the
grievance procedure to run its natural course, is afforded absolute
immunity from a defamation action by the complained-against attorney."
710 So. 2d at 977 (emphasis added).  This case is not a defamation action.
Instead, Plaintiff filed a § 1983 action against persons who complained
about his conduct and also asserted civil RICO claims, civil theft claims,
and a broad conspiracy to cause him harm.  Nevertheless, Plaintiff's
complaint is premised on the theory that Defendant Peggy Harris made
false statements in the course of filing her Bar Complaint.  *See* ECF No. 51
at 17, 27-28.  Defendant Harris made those statements only in the course
of the Bar's disciplinary proceeding and there has been no assertion that
she published her statements outside the course of that proceeding.  While
Plaintiff contends in his response to the motion to dismiss that attorneys for
Ms. Harris did so, *see* ECF No. 51 at 8-9, Plaintiff does not demonstrate
that Ms. Harris published her complaint beyond the disciplinary proceeding.
Regardless of whether Plaintiff sues Defendant Harris in a defamation
action or in other actions - the essence of the claim is the same - the

Case No. 4:22cv97-AW-MAF

Defendant made false statements against the Plaintiff and he seeks damages for those statements.

One Florida case has been located in which a court extended the absolute immunity to an attorney's client, but it still concerned a defamation claim.  Magre v. Charles, 729 So. 2d 440, 443 (Fla. 5th DCA 1999).  Another case from Massachusetts has been located in which persons who file a Bar complaint were held to be protected by absolute immunity from any "civil liability based upon his or her complaint" and not just "immunity from liability for a claim of defamation."  Bar Couns. v. Farber, 464 Mass. 784, 793, 985 N.E.2d 1155, 1163 (2013).  No case has been located which applies the "absolute immunity" of a Bar complainant to a § 1983 action.  However, there is no apparent reason to treat a § 1983 claim or civil RICO claim any differently than if Plaintiff had brought a defamation claim.  That is especially true in this case because Plaintiff's claim against her rests on the assertion that her "Bar Complaint 'was knowingly perjured, full of lies, and fraudulent."  ECF No. 13 at 9.  There is no reason to treat such similar claims differently, whether called defamation, fraudulent, or something else.  Thus, it is recommended that Plaintiff's claims against Defendant Margaret Peggy Harris, which are based on her having filed a complaint

against Plaintiff with The Florida Bar, be dismissed pursuant to the
Defendant's absolute immunity.

### 3.  Section 1983 Claim

Defendant Harris notes that Plaintiff asserts a due process claim
under 42 U.S.C. § 1983 in Count I, but he "fails to allege exactly what
process he was deprived of caused by Ms. Harris."  ECF No. 39 at 10.
Furthermore, Defendant asserts that Plaintiff's § 1983 claim should "be
dismissed because Ms. Harris is not alleged to have been a state
government employee acting under the color of law during the times
material and relevant."  *Id.*  Defendant points out that Plaintiff
acknowledged within the complaint that she is a "private" party.  *See* ECF
No. 13 at 22, ¶56.

Count I of Plaintiff's complaint asserts a § 1983 due process claim.  It
is not specifically directed to Defendant Peggy Harris, but Plaintiff does
contend that Defendants, plural, "engaged in criminal extortion, perjury,
[and] fraud . . . to deprive him of his license to practice law without due
process of law . . . ."  ECF No. 13 at 18.  Plaintiff provided no facts to
support a due process claim against Defendant Harris.  First, the Court
agrees that Defendant Harris is a private party and did not act under color

of state law as required to state a claim under § 1983.  <u>Griffin v. City of</u>

<u>Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001) (stating that "a plaintiff

must show that he or she was deprived of a federal right by a person acting

under color of state law").  Plaintiff provided no facts to support that

element of the § 1983 claim.

Moreover, Plaintiff's allegation that Defendant Harris "acted 'in

concert' with other state actors is insufficient because it was a legal

conclusion unsupported by facts.  ECF No. 39 at 11-12.  It is acknowledged

that a private person may be considered a state actor if (1) the state

"coerced or at least significantly encouraged" the allegedly unconstitutional

action ("State compulsion test"); (2) the private party performed an act

traditionally performed by a state official ("public function test"), or (3) the

State was a joint participant in the act ("nexus/joint action test").  <u>Rayburn</u>

<u>ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001) (citing

<u>NBC, Inc. v. Communications Workers of America</u>, 860 F.2d 1022, 1026-27

(11th Cir. 1988)).  There are no allegations included within the complaint

which demonstrate any of those three tests.

Finally, a private party may also be considered a state actor if he

conspired with state officials to commit the alleged constitutional violation.

Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980).  Defendants Hinson and Jeter may be considered "state actors" by virtue of their employment with The Florida Bar.  However, Plaintiff fails to provide specific factual allegations to show that Defendant Harris "conspired" with those Defendants.  Plaintiff's claim of a conspiracy is conclusory only and insufficient to present a viable claim under § 1983.

Additionally, to the extent that Plaintiff's due process claim is premised upon the Bar disciplinary process, no allegations were presented to show that Plaintiff was not provided "notice and an opportunity to be heard."  Fla. Bar v. Fredericks, 731 So.2d 1249, 1254 (Fla. 1999) (cited in The Fla. Bar v. Committe, 916 So. 2d 741, 745 (Fla. 2005)).  Plaintiff provide no plausible allegations which show that Defendant Peggy Harris interfered with Plaintiff's right to be heard.  Plaintiff's § 1983 due process claim against Defendant Harris should be dismissed because the complaint fails to state a claim upon which relief can be granted.

## 4.  Civil RICO Claim

Defendant Harris argues that Plaintiff's RICO claim is insufficient because it is based on the alleged "conspiracy," but Plaintiff never alleges an agreement between the parties to commit an overt act in furtherance of

the conspiracy.  ECF No. 39 at 13.  The Court agrees with Defendant

Harris that all of Plaintiff's "facts" are simply conclusory assertions.  *Id.* at

14.  The complaint presents vague assertions in general, but there is an

absence of any facts to show involvement by Defendant Peggy Harris.

The RICO statute includes a civil remedies provision, 18 U.S.C. §

1964(c), which permits "[a]ny person injured in his business or property by

reason of a violation of section 1962 of this chapter may sue therefor in any

appropriate United States district court and shall recover threefold the

damages he sustains and the cost of the suit, including a reasonable

attorney's fee."  18 U.S.C. § 1964(c).  "[T]to state a prima facie civil RICO

claim under 18 U.S.C. § 1964(c), a plaintiff must establish 'three essential

elements': first, that the defendant committed a pattern of RICO predicate

acts under 18 U.S.C. § 1962; second, that the plaintiff suffered injury to

business or property; and, finally, that the defendant's racketeering activity

proximately caused the injury."  Simpson v. Sanderson Farms, Inc., 744

F.3d 702, 705 (11th Cir. 2014) (citations omitted).

Plaintiff does not allege a "pattern" of predicate acts by Defendant

Harris.  Indeed, Defendant Harris is not the author of the complaint to The

Florida Bar.  She acknowledged signing it without reading it.  *See* ECF No.

13 at 10-11.  Plaintiff does not otherwise show how Defendant Harris

engaged in a pattern of conduct which would support this claim.  All of the

allegations of a RICO conspiracies are based on a "string of conclusory

premises."  Simpson, 744 F.3d ay 708.  The RICO claim suffers from the

deficient nature of Plaintiff's "shotgun pleading" and Defendant Harris'

motion to dismiss should be granted.

## 5. Civil Theft Claim

Plaintiff's final claim against Defendant Harris is based on a claim for

"civil theft" under FLA. STAT. § 772.11.  In relevant part, this statute

provides:

> (1) Any person who proves by clear and convincing evidence
> that he or she has been injured in any fashion by reason of any
> violation of ss. 812.012-812.037 or s. 825.103(1) has a cause
> of action for threefold the actual damages sustained and, in any
> such action, is entitled to minimum damages in the amount of
> $200, and reasonable attorney's fees and court costs in the trial
> and appellate courts.

Fla. Stat.§ 772.11(1).  Defendant Harris correctly points out that Plaintiff

fails to identify any statutory provision - § 812.012 through § 812.037 or

§ 825.103(1) - that Defendant violated.  ECF No. 39 at 15.  That failure is

fatal to Plaintiff's claim.  A complaint is insufficient if it does not provide a

defendant with notice of the basis for the plaintiff's claim.  Plaintiff's

amended complaint does not do so and it should be dismissed for failure to state a claim.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 39, filed by Defendant Margaret Peggy Harris be **GRANTED** and Plaintiff's claims against her be **DISMISSED** because the complaint is a shotgun pleading that fails to state a claim upon which relief can be granted. It is also **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 16, 2023.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic</u>**

Case No. 4:22cv97-AW-MAF

**docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.