IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**PHILLIP TIMOTHY HOWARD,**

    **Plaintiff,**

v.     Case No. 4:22-cv-97-AW-MAF

**J.B. HARRIS, et al.,**

    **Defendants.**

_____/

## ORDER ON MOTIONS TO DISMISS

Disbarred attorney Phillip Timothy Howard, proceeding pro se, alleges:

criminal conspiracy, criminal extortion, criminal perjury, criminal fraud, violations of Florida Bar Rules, violations of Florida Accounting Rules and statute, violation of federal and Florida Civil RICO, violation of due process under the Fifth Amendment to the United States Constitution, Article I, § 9, of the Florida Constitution, civil theft, and civil conspiracy.

ECF No. 13 at 2. He splits those most of those claims across three counts not specific to any one of the eight Defendants—Shanee Hinson and Roy Jeter; Sandra Fulop and Dana Hall; Margaret Peggy Harris; J.B. Harris and J.B. Harris, P.A. (collectively "J.B. Harris"); and Kimberly Butler-Poling. (He does not reallege them all in specific counts.)

All Defendants moved to dismiss the complaint asserting various defenses. ECF Nos. 36, 39, 45, 50, 75-1. Howard responded to the motions. ECF Nos. 44, 51, 57, 62, 64, 65, 70, 78. The magistrate judge issued reports and recommendations on the first four of the five pending motions, concluding that they should be granted.

1

ECF Nos. 94-97. I have considered those reports and recommendations, and I have considered de novo the issues Howard raised in his responses to them. ECF Nos. 100-103. (I accept those as timely filed. *See* ECF No. 104.)

First, I agree with the magistrate judge that the court has subject-matter jurisdiction over Howard's claims. Several defendants argued that the court lacks jurisdiction under *Rooker-Feldman*.[1] ECF No. 45 at 18; ECF No. 50 at 4. The magistrate judge's reasoning explaining why they are incorrect, ECF No. 94 at 9-14; ECF No. 97 at 17-21, is incorporated into this order.

Second, most Defendants (besides Hinson and Jeter) argued that the complaint is a shotgun pleading. ECF No. 36 at 7; ECF No. 39 at 5; ECF No. 45 at 2. The magistrate judge recommended that the complaint should be dismissed as a shotgun pleading as to the Fulop/Hall and Margaret Peggy Harris motions. ECF No. 95 at 12-14; ECF No. 96 at 11-13. Because the magistrate judge treated the J.B. Harris motion as one for summary judgment, ECF No. 48 at 2, he did not recommend granting that motion on a shotgun-pleading basis, ECF No. 97.[2]

---

[1] Hinson and Jeter also challenged Howard's Article III standing, ECF No. 50 at 17-18, which the magistrate judge did not resolve, ECF No. 94 at 20-21. I recognize, like the magistrate judge, that Hinson and Jeter's standing argument is truly one about whether Howard can state a claim based on how the Florida Bar ignored other lawyers' alleged misconduct. I separately conclude now that the complaint does allege standing: Howard claims Defendants' conduct caused his disbarment.

[2] I instead treated the J.B. Harris motion as a motion to dismiss.

I conclude that the complaint is a shotgun pleading and that it should be dismissed on that basis. The magistrate judge's reasoning explaining why it is a shotgun complaint, ECF No. 95 at 12-14; ECF No. 96 at 11-13, is adopted and incorporated into this order. I separately recognize here that the complaint is replete with conclusory and immaterial allegations, does not specify what facts support what claims against specific Defendants, and generally fails to put Defendants on fair notice of the claims against them. Indeed, much of the complaint is block quotations not clearly relating to any particular claim or most Defendants.

Howard himself does not object to repleading. He acknowledges the need for clarity. *See* ECF No. 102 at 6-7 (saying that he is "happy" to amend such that "Defendants can more clearly respond to the complaint," and that he "does 'not' intend to stand on the current [complaint]"); ECF No. 70 at 18-19 ("Plaintiff agrees that [the] facts need to be more specifically pled . . . ."); ECF No. 101 at 2; ECF No. 44 at 15. Regardless, the complaint is plainly a shotgun pleading.

While Hinson and Jeter did not move to dismiss on this basis, "nothing should stop District Courts from demanding, on their own initiative, that . . . parties replead the case." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014); *see also Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015); *Toth v. Antonacci*, 788 F. App'x 688, 690-91 (11th Cir. 2019).

Because I dismiss on shotgun-pleading grounds, there is no need to address remaining defenses. Nor is there any need to consider the parties' extensive exhibits beyond the complaint.

Howard's motion to accept his responses to the reports and recommendations as timely filed (ECF No. 104) is GRANTED. The objections in those responses are OVERRULED. The reports and recommendations (ECF Nos. 94-97) are ACCEPTED in part; they are incorporated into this order only to the extent that they conclude the court has jurisdiction and that the complaint is a shotgun pleading.

The motions to dismiss (ECF Nos. 36, 39, 45, 50, 75-1) are GRANTED. The first amended complaint (ECF No. 13) is DISMISSED. Howard will have one final chance to amend. His motion for leave to file an amended complaint (ECF No. 106), which he filed shortly before this order issued, is DENIED as moot.

Howard must file an amended complaint within fourteen days. He may refile the one attached to ECF No. 106. (The court expresses no view here on whether that complaint would be a shotgun pleading or otherwise states a claim). Or he may file a different amended complaint. If he does not amend, the dismissal will be with prejudice, and the file will be closed. If he does amend, Defendants will have fourteen days to respond, and the magistrate judge will conduct further appropriate proceedings.

SO ORDERED on March 27, 2023.

                                                                                   s/ *Allen Winsor*
                                                                                    United States District Judge